Commonwealth ex rel. Krotser, Appellant, *v.* Fasnacht.

Argued April 14, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Thomas H. Lane,* with him *Michael T. Morris,* for appellant.

*Frank P. Lawley, Jr.,* with him *David S. Kohn,* for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

This is a dispute over the custody of a six year old girl. The relatrix is the mother of the child; the respondents are the father and his parents. The child

was born in January, 1948, a short time after the marriage of her parents. The marriage was unsuccessful, a divorce was granted in September, 1952, and both parties have remarried. The child has been in the custody of her paternal grandparents since early in 1952, except for a month in 1953. When relatrix remarried and established a new home she sought the return of her child. The court below ordered that custody remain in the grandparents and relatrix has appealed.

The burden is on the appellant to establish that the decree of the court below is manifestly erroneous or based on a mistake of law. *Com. ex rel. Haller v. Hanna,* 168 Pa. Superior Ct. 217, 77 A. 2d 750. The cardinal consideration in a custody case is the best interest and welfare of the child. It is presumed that the best interest will be served by giving custody to the natural mother, unless compelling reasons appear to the contrary. *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350. The question before this Court is whether the record will support the conclusion of the court below that there were such compelling reasons and that the natural mother is unfit.

There is no question as to the fitness of the grandparents and the adequacy of their home. The child's father supports the child. The relatrix's home, although perhaps not equal to that of the respondents, appears adequate and is not really a controlling issue in this case. The primary basis for the decision of the court below was the evidence of relatrix's reputation and bad treatment of the child. It was testified that she kept a dirty house and failed to take proper care of the child when she was a baby, such as delayed feedings and failure to change diapers. Throughout a great part of her married life she went out three or four nights a week without her husband, attending

bars, bowling, playing cards and associating frequently with other men. Several times the child was left alone, crying for her mother, and neighbors had to take her in until relatrix came home at a very late hour. The reputation of relatrix was also shown to be very questionable. She was constantly running around with other men, including her present husband. Although no direct proof of adultery was introduced, it is a clear inference from the testimony that relatrix consistently flouted conventional moral standards. On one occasion she admitted going to Harrisburg for the weekend with her present husband, though she was not yet divorced.

There is no need to relate every detail of the evidence. The testimony of respondents and their witnesses, if true, presents a clear picture of relatrix's bad reputation and failure to care properly for her child. She admitted much of the damaging evidence, but attempted to minimize and explain the effects thereof. Even her admissions raise a serious question as to her fitness as a mother. As to accusations denied by her, credibility of witnesses can best be determined by the trier of fact and weight must be given to his conclusions on appeal. *Com. ex rel. Harry v. Eastridge,* supra.

Consonant with the above principles of law, our review reveals that the record is more than ample to support the conclusions of the court below that this mother was unfit and not likely to reform overnight and that the best interests and welfare of the child require that she remain in the custody of her paternal grandparents.

Order affirmed.